UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALANA COOLEY,
Plaintiff,

v.

EASTERN MONTGOMERY COUNTY AREA LOCAL 2233,
AMERICAN POSTAL WORKERS UNION, AFL-CIO,
Defendant.

Civil Action No. ________________

# COMPLAINT
## UNDER TITLE I OF THE LABOR-MANAGEMENT REPORTING AND DISCLOSURE ACT
## 29 U.S.C. §§ 411–412

JURY TRIAL DEMANDED

**Complaint only.** The separate emergency motion for temporary restraining order/preliminary relief is not included in this PDF.

## INTRODUCTION

1. Plaintiff Alana Cooley brings this action under Title I of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), principally 29 U.S.C. §§ 411(a)(5) and 412, to protect her statutory right to the procedural safeguards required before disciplinary action within the scope of § 411(a)(5).

2. This action concerns two related disciplinary episodes. The first occurred in 2025 and involved action affecting Plaintiff's union compensation while Plaintiff was medically incapacitated and before she was afforded written specific charges, reasonable time to prepare a defense, and a full and fair hearing. The compensation later was restored, but Plaintiff alleges that the disciplinary process and resulting consequences caused economic harm.

3. The second and ongoing episode began in 2026. Defendant advanced disciplinary proceedings against Plaintiff without successfully serving her with the written charges and hearing notice. Defendant mailed disciplinary materials on June 18, 2026 to an address that was not Plaintiff's residence or authorized mailing address. The mailing was returned "Unclaimed" on August 13, 2026. Plaintiff first learned that a disciplinary proceeding had been initiated against her on August 24, 2026.

4. Defendant nevertheless continued the proceeding after Plaintiff promptly objected and explained that she had not received the charges or hearing notice. Defendant has advanced the matter toward a September 20, 2026 membership vote concerning Trial Board findings and recommended discipline, despite Plaintiff's lack of the notice and opportunity to prepare that federal law requires.

5. Plaintiff seeks declaratory and injunctive relief, damages for actual economic loss and other damages recoverable under applicable law, costs and expenses including the filing fee to the extent permitted by law, and such other relief as the Court deems appropriate.

## JURISDICTION AND VENUE

6. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because this action arises under Title I of the LMRDA, including 29 U.S.C. §§ 411(a)(5) and 412.

7. Section 412 expressly authorizes a person whose rights secured by Title I have been infringed to bring a civil action in a district court of the United States for appropriate relief, including injunctions.

8. Venue is proper in the Eastern District of Pennsylvania because Defendant is located in this District and the events giving rise to this action occurred in this District.

**PARTIES**

9. Plaintiff Alana Cooley is an individual residing at 160 Sandybrook Drive, Langhorne, Pennsylvania 19047. Plaintiff is a member of Defendant union and was appointed Secretary-Treasurer of Defendant. Plaintiff remains the Secretary-Treasurer for purposes of the union proceeding described in this Complaint. Defendant's current disciplinary action seeks, among other things, Plaintiff's removal from that position.

10. Defendant Eastern Montgomery County Area Local 2233, American Postal Workers Union, AFL-CIO ("EMCAL"), is the local union responsible for the disciplinary proceedings described below. Defendant's union address is 1000 Germantown Pike, Suite K2, Plymouth Meeting, Pennsylvania 19462.

**THE FEDERAL RIGHT AT ISSUE**

11. Section 101(a)(5) of the LMRDA, 29 U.S.C. § 411(a)(5), provides that a member may not be fined, suspended, expelled, or otherwise disciplined, except for nonpayment of dues, unless the member has been served with written specific charges, given a reasonable time to prepare a defense, and afforded a full and fair hearing.

12. Plaintiff alleges that Defendant's 2025 and 2026 proceedings implicated these protections to the extent Defendant imposed or seeks to impose discipline within the scope of § 411(a)(5). Plaintiff does not ask this Court to decide whether union rules were substantively violated by Plaintiff. Rather, Plaintiff seeks enforcement of the federally protected procedural safeguards applicable to discipline covered by the statute.

13. Plaintiff recognizes that Third Circuit precedent distinguishes discipline of a union member from action directed solely at a member's status as a union officer. See Martire v. Laborers' Local Union 1058, 410 F.2d 32, 35 (3d Cir. 1969). Plaintiff therefore does not base this federal claim solely on the fact that Defendant seeks to remove her from the Secretary-Treasurer office. Plaintiff challenges the disciplinary proceeding and any discipline imposed within the protections of § 411(a)(5), including any discipline affecting her rights as a union member.

**FACTUAL ALLEGATIONS — 2025 DISCIPLINARY ACTION**

14. In June 2025, Plaintiff was medically incapacitated for more than 30 days. On June 10, 2025, Plaintiff communicated with Vice President Leo Wesolowski concerning her medical incapacity. On or about June 27, 2025, Plaintiff sent written communications to President Cindy Mawyer and Vice President Wesolowski explaining the circumstances and Plaintiff's inability to perform her union duties during that period.

15. Despite Plaintiff's documented medical incapacity and communications to union leadership, an allegation concerning Plaintiff's performance of union duties was brought before Defendant and resulted in action affecting Plaintiff's union compensation. Plaintiff alleges that the withholding functioned as

disciplinary action.

16. Plaintiff was not served with written specific charges before the withholding, was not given reasonable time to prepare a defense, and was not afforded a disciplinary hearing before the compensation was withheld.

17. Plaintiff repeatedly sought to determine why her compensation had been withheld and sought payment of the remaining amount. The withheld portion was later restored. On October 16, 2025, President Cindy Mawyer wrote that the balance of the second-quarter payment was included on the payroll sheet and stated that she had learned at the all-craft conference that issuing partial payment was improper and that she wanted to correct the wrong. A remainder payment was reflected on October 24, 2025.

18. Plaintiff thereafter pursued Defendant's internal disciplinary process concerning the 2025 conduct, including formal charges filed by Plaintiff against President Mawyer on September 17, 2025. A Trial Board hearing was held on November 13, 2025.

19. The November 13, 2025 proceeding also generated a separate Code 84 issue concerning Plaintiff's time away from her USPS duties for the union proceeding. Plaintiff repeatedly sought confirmation that she would be compensated for the qualifying union-official time before submitting the required PS Form 3971. The correspondence reflects that the Hearing Officer attempted to obtain confirmation, while Plaintiff repeatedly asked whether she would be paid before submitting the form.

20. Plaintiff ultimately was not paid for the qualifying Code 84 time associated with the November 13, 2025 proceeding. Plaintiff therefore sustained an additional economic loss associated with that union proceeding. Plaintiff does not presently specify the amount because the precise compensable hours should be established from applicable USPS time and payroll records.

21. Plaintiff alleges that the 2025 disciplinary action violated § 411(a)(5) to the extent it constituted discipline within the scope of the statute and was imposed without the statutory procedural safeguards. Plaintiff pleads this claim in the alternative to the extent Defendant contends that the compensation action concerned an office, compensation, or internal union matter rather than membership discipline. Plaintiff preserves all rights and remedies available under applicable law.

22. The 2025 episode caused actual consequences to Plaintiff. During the period in which Defendant withheld union compensation, Plaintiff experienced financial hardship, including an accumulation of rent arrears that resulted in an eviction proceeding in October 2025. Plaintiff does not contend that Defendant's withholding caused the entirety of the rent arrearage; Plaintiff alleges that the withheld compensation contributed to the financial hardship during that period.

## FACTUAL ALLEGATIONS — 2026 CURRENT DISCIPLINARY PROCEEDING

23. In 2026, Defendant initiated another disciplinary proceeding against Plaintiff. Plaintiff has not been properly served with the written specific charges underlying that proceeding.

24. On June 18, 2026, Defendant purportedly mailed disciplinary materials to Plaintiff by Certified/Priority Mail under USPS tracking number 70211035000214260676. The mailing was sent to an address that was not Plaintiff's residence or authorized mailing address.

25. Plaintiff's correct address is 160 Sandybrook Drive, Langhorne, Pennsylvania 19047. Defendant had Plaintiff's correct address in its records. Among the records reflecting that address are Plaintiff's APWU/EMCAL membership roster, APWU Form 1187, state identification, and a July 2, 2026 EMCAL/ADP payroll record. Defendant had also previously used Plaintiff's correct address in union correspondence and in the November 3, 2025 Trial Board hearing notice.

26. The June 18, 2026 mailing was not received by Plaintiff and was returned on August 13, 2026 marked "Unclaimed." Plaintiff therefore did not receive the written charges or hearing notice and did not receive a reasonable opportunity to prepare for or participate in the proceeding before it advanced.

27. A separate USPS mailing in the same disciplinary matter was addressed to 22 Sandybrook Drive, Langhorne, Pennsylvania 19047, rather than Plaintiff's correct address of 160 Sandybrook Drive. USPS tracking number 7021 0350 0002 1425 5139 reflects the 22 Sandybrook Drive address and an "ADDRESSEE UNKNOWN" status. Plaintiff did not live at that address.

28. Plaintiff first learned that a disciplinary proceeding had been initiated against her on Monday, August 24, 2026. A written witness statement from Recording Secretary Zakia Hill states that on August 24, 2026, Hill informed Plaintiff that Cindy Mawyer was filing charges against her and that the charges concerned Plaintiff's position as Secretary-Treasurer.

29. After learning of the proceeding, Plaintiff promptly contacted the Internal Affairs Committee and Hearing Officer Darlene Watson and explained that she had not received the charges or hearing notice and disputed the address used for the mailing.

30. On September 2, 2026, Hearing Officer Watson responded that the address used for the hearing notification was allegedly listed in the APWU database and had been confirmed by APWU National. Plaintiff disputed that explanation and reiterated that she had never lived at, supplied, or authorized the address used for the mailing.

31. Defendant nevertheless continued to advance the disciplinary matter. The September 20, 2026 General Membership Meeting notice identifies an agenda item for a membership vote on the Trial Board's findings and recommendation in the matter of Cindy Mawyer vs. Alana Cooley under Article 15, section 3(k) of the APWU.

32. The current disciplinary action documents demand, among other things, Plaintiff's removal from the Secretary-Treasurer position; return of union property; reimbursement to EMCAL of all monies paid for the Secretary-Treasurer salary, including quarterly payments made during the process; reimbursement of $693.80 for QuickBooks training in Atlanta; and reimbursement of $503.46 for the Pennsylvania State Convention. The specific reimbursement demands total at least $1,197.26 in identified training and convention expenses, apart from the salary-reimbursement demand.

33. The specific written charges underlying the 2026 proceeding have not been served upon Plaintiff in a manner that provided her the required opportunity to prepare a defense. Plaintiff therefore cannot fairly be expected to plead the substantive allegations against her beyond the facts presently documented. Plaintiff seeks appropriate relief based on the procedural violation and reserves the right to amend when Defendant's records and the actual charges are produced.

## INTERNAL REMEDIES AND EXHAUSTION

34. Plaintiff has made repeated efforts to address the procedural defects internally. After learning of the 2026 proceeding, Plaintiff promptly notified the IAC and Hearing Officer, disputed the notice defect, sought the charges and clarification, and contacted APWU National concerning the matter.

35. Plaintiff has also pursued internal union procedures concerning the earlier disciplinary episode and has attempted to obtain clarification and corrective action through the union's processes.

36. Plaintiff alleges that further internal procedures are inadequate, futile, or incapable of providing timely relief from the September 20, 2026 membership vote and continuing disciplinary process, particularly where Plaintiff has not been served with the charges and the proceeding has continued despite her objections.

37. Under Third Circuit precedent, exhaustion of internal union remedies under LMRDA § 101(a)(4) is not an absolute bar to judicial relief where circumstances justify excusing exhaustion, including irreparable harm, inadequate or illusory internal procedures, or futility. See Semancik v. United Mine Workers of America, 466 F.2d 144 (3d Cir. 1972). Plaintiff pleads these circumstances in support of judicial relief.

## COUNT I — VIOLATION OF 29 U.S.C. § 411(a)(5) — 2026 DISCIPLINARY PROCEEDING

38. Plaintiff incorporates paragraphs 1 through 37 as though fully set forth herein.

39. Defendant's 2026 disciplinary proceeding implicates Plaintiff's rights under 29 U.S.C. § 411(a)(5) to the extent Defendant is imposing or seeking to impose discipline within the statute's scope. Before such disciplinary action may be imposed, Plaintiff is entitled to written specific charges, reasonable time to prepare a defense, and a full and fair hearing.

40. Defendant advanced the 2026 disciplinary proceeding after mailing the charges and hearing materials to an address that was not Plaintiff's address, after the mailing was returned "Unclaimed," after a separate mailing reflected an "ADDRESSEE UNKNOWN" status at 22 Sandybrook Drive, and after Plaintiff informed Defendant that she had not received the charges or hearing notice.

41. Defendant continued the proceeding toward a September 20, 2026 membership vote without first providing Plaintiff the written specific charges and a reasonable opportunity to prepare and participate in her defense.

42. Defendant's conduct has deprived Plaintiff of the procedural protections secured by § 411(a)(5), to the extent the challenged discipline falls within that provision, and threatens continuing injury unless the Court provides appropriate relief.

## COUNT II — VIOLATION OF 29 U.S.C. § 411(a)(5) — 2025 DISCIPLINARY ACTION

43. Plaintiff incorporates paragraphs 1 through 42 as though fully set forth herein.

44. Defendant imposed action affecting Plaintiff's union compensation in June 2025 as disciplinary action, as Plaintiff alleges, without first serving written specific charges, giving Plaintiff reasonable time to prepare a defense, or affording a full and fair hearing.

45. Plaintiff pleads this claim to the extent the 2025 compensation withholding constituted discipline within the scope of § 411(a)(5), and alternatively preserves any other federal or state-law basis that may be available for the same conduct.

46. The later restoration of the withheld compensation does not necessarily erase the alleged procedural violation or eliminate damages and other relief arising from the violation.

47. Plaintiff seeks relief for actual injuries and consequences arising from the alleged violation, including the economic loss associated with the Code 84 time at the November 13, 2025 Trial Board proceeding, to the extent recoverable under applicable law.

48. Plaintiff does not contend that the LMRDA itself creates the USPS Code 84 compensation rule. Plaintiff pleads the unpaid Code 84 time as an additional economic loss associated with the 2025 union proceeding, and seeks recovery only to the extent that such loss is legally recoverable from Defendant under the applicable law and facts.

## DAMAGES AND OTHER RELIEF

49. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered actual economic loss and other legally compensable injury. Plaintiff seeks damages in an amount to be established by the evidence, including, where legally recoverable, economic losses arising from the challenged disciplinary conduct.

50. Plaintiff specifically seeks recovery, to the extent permitted by law, for the economic loss associated with unpaid Code 84 union-official time arising from the November 13, 2025 Trial Board proceeding. Plaintiff presently does not specify an amount because the precise compensable hours should be established from USPS time and payroll records.

51. Plaintiff also seeks damages, to the extent permitted by law, for other actual consequences of the alleged violations, including the financial consequences associated with the withholding of compensation and the documented financial hardship that occurred during the relevant period. Plaintiff does not seek speculative amounts and will prove any claimed damages with evidence.

52. Plaintiff seeks declaratory and injunctive relief under 29 U.S.C. § 412, including relief necessary to prevent Defendant from continuing or enforcing disciplinary action within the scope of § 411(a)(5) without first providing the procedural safeguards required by that provision.

53. Plaintiff seeks appropriate permanent relief addressing the unlawful disciplinary process at issue in this action. Plaintiff does not ask the Court to prohibit legitimate future union discipline; rather, any permanent injunction sought would require compliance with the federally protected procedures before discipline within the scope of § 411(a)(5) is imposed.

## JURY DEMAND

54. Plaintiff demands a trial by jury on all issues so triable as of right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant and:

1. Declare that Plaintiff is entitled to the procedural protections guaranteed by 29 U.S.C. § 411(a)(5) before disciplinary action within the scope of that provision is imposed;

2. Enter temporary, preliminary, and permanent injunctive relief as appropriate to prevent Defendant from proceeding with or enforcing challenged disciplinary action within the scope of § 411(a)(5) without first providing Plaintiff the federally required procedural safeguards;

3. Award Plaintiff compensatory damages and other actual damages proven at trial and legally recoverable under Title I, including the economic losses associated with the challenged disciplinary conduct and, to the extent recoverable, unpaid Code 84 union-official time;

4. Award Plaintiff her costs and expenses of this action, including the filing fee and other taxable costs, to the extent permitted by law;

5. Award attorney's fees to the extent permitted by law if Plaintiff later retains counsel and such an award is legally available;

6. Award such other and further relief as the Court deems just and appropriate under 29 U.S.C. § 412 and applicable law.

Respectfully submitted,

ALANA COOLEY

160 Sandybrook Drive
Langhorne, PA 19047
Phone: 609-582-0067
Email: Alana.Cooley891@outlook.com

Date: 9-17-2026

Signature: [signature]