**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALANA COOLEY, | : | |
| | : | No. 26-cv-7185-JMY |
| vs. | : | |
| | : | |
| EASTERN MONTGOMERY COUNTY AREA LOCAL 2233, AMERICAN POSTAL WORKERS UNION UNION, AFL-CIO. | : | |

## MEMORANDUM

**Younge, J.** November 13, 2026

Currently before the Court is a Motion to Dismiss the Complaint filed by Defendant, Eastern Montgomery County Area Local 2233, American Postal Workers Union, AFL-CIO (hereinafter "Defendant Union"). (Motion to Dismiss, ECF No. 10.) Plaintiff has also filed a Motion for Temporary Restraining Order and Preliminary Injunction. (Motion for Preliminary Injunction, ECF No. 3.) The Court finds these motions appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, Defendant's Motion to Dismiss will be granted, and the Complaint will be dismissed without prejudice. Plaintiff's Motion for Preliminary Injunction will be dismissed as moot because the Court has decided to dismiss Plaintiff's Complaint.[1]

---

[1] "An operative complaint must be in existence before plaintiff may be granted injunctive relief." *Grohol v. Admin. Off. Of Pa. Cts.*, 2026 U.S. Dist. LEXIS 126733, *4-5 (M.D. Pa. June 9, 2026) (A motion for temporary restraining order is moot when the complaint is dismissed on its merits because the underlying case is gone.).

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY:

Plaintiff is the Secretary-Treasurer for the Defendant Union.[2] In her Complaint, Plaintiff proceeds under the Labor Management Reporting and Disclosure Act (LMRDA), 28 U.S.C. § 411, *et seq.* (Complaint.) It would appear that Plaintiff is claiming that she is being retaliated against for accusing the Union President, Cindy Mawyer, of various forms of misconduct and abuse of her position as President of the Defendant Union. (*Id.*) As will be explained more fully hereinbelow, Plaintiff avers that in September of 2025, she made use of the Defendant Union's internal review process by initiating a disciplinary proceeding against Union President Cindy Mawyer. (*Id.*) Plaintiff further avers that in June of 2026, Union President Cindy Mawyer initiated a disciplinary proceeding against the Plaintiff in an attempt to remove her from the position that she holds as Secretary-Treasurer. (*Id.*) Plaintiff alleges various due process violations of the LMRDA in connection with the internal disciplinary proceeding brought against her in 2026, and Plaintiff seems to suggest that she is being retaliated against for accusing Union President Cindy Mawyer of misconduct. (*Id.*)

### A. The Internal Disciplinary Action Brought in 2025:

In September of 2025, Plaintiff instituted a disciplinary proceeding against Union President Cindy Mawyer by using the Defendant Union's internal review process. (*Id.*) Records attached to the Complaint reflect that on September 17, 2025, Plaintiff filed charges against the Defendant Union's President, Cindy Mawyer. (Request to Establish Internal Affairs Committee, Complaint, Exhibit 1, ECF 1-1, at page 6 of 112.) The charges included the following issues; unauthorized convention attendance, improper use of gift cards, improper reduction of Plaintiff's

[2] During the status conference held before the Court on November 3, 2026, Plaintiff represented that she was appointed to the position she held as Secretary-Treasurer for Defendant Union. (Minute Entry, ECF No. 13.)

salary, and discriminatory behavior directed toward Plaintiff including violations of the Americans with Disabilities Act. (*Id.*) Plaintiff alleged that President Mawyer withheld compensation due to her as a union officer (*Id.* page 13 of 112) and failed to provide ADA accommodations related to her duties as a union officer. (*Id.* page 14 of 112.)

On November 3, 2025, the Defendant Union notified Plaintiff that its Trial Board would conduct a hearing on the charges she filed against Union President Mawyer on November 13, 2025, at 9:30 a.m., and of her rights with regard to the hearing. (*Id.* page 10 of 112.) A hearing was then held on November 13, 2025, and the Trial Board made findings and a recommendation for disciplinary action as to President Mawyer. (*Id.* page 15 of 112.) The Defendant Union then voted on the Trial Board's recommendation, as required by Article 15 of the American Postal Workers Union ("APWU") Constitution and Bylaws, at its May 2026 Meeting, and the membership returned a finding of "not guilty" as to President Mawyer. (Email, Complaint, Exhibit 1, ECF No. 1-1 pages 22-23 and 28 of 112.)

**B. The Internal Disciplinary Action Brought Against Plaintiff in 2026:**

On or about June 8, 2026, Union President Mawyer filed charges against Plaintiff. (Trial Board Report, Complaint, Exhibit 1, ECF No. 1-1, page 69 of 112.) The charges were based on Plaintiff's role as a Secretary-Treasurer, and included allegations that Plaintiff: failed to perform her duties as Secretary-Treasurer; failed to properly perform her duties; failed to administer and maintain all financial records, accounts and books; failed to present a 2026 financial report; failed to pay taxes or provide documents to the accountant; failed to process membership applications or maintain a current membership mailing list; failed to attend budget committee meetings; and failed to perform duties as assigned by the President. (*Id.* page 68-76 of 112.)

A hearing was held on July 1, 2026, at which time the Trial Board found Plaintiff guilty and recommended discipline. (*Id.* at p. 76 of 112.) Importantly, the discipline sought was removal of Plaintiff from her office as Secretary-Treasurer, and the reimbursement of certain funds paid to Plaintiff in connection with her role as Secretary-Treasurer. (*Id.*; Joint Status Report, ECF No. 14.) The Defendant Union then scheduled the Trial Board's recommended discipline for a full vote before the Union Membership, which was set to take place, and ultimately did occur during its September 20, 2026 meeting. (Email, Complaint, Exhibit 1, ECF No. 1-1, pages 62-66 of 112.)

Plaintiff contends that the notice of charges and hearing were sent to the wrong address. (Complaint ¶¶ 25-27.) Plaintiff claims that the notice was sent to 22 Sandybrook Drive, but that she resides at 160 Sandybrook Drive. (*Id.*) The Defendant Union alleges that on September 2, 2026, the decision of the trial board was mailed to Plaintiff at 160 Sandybrook Drive. (Motion to Dismiss page 5.) Plaintiff does not appear to contend that she did not receive the September 2, 2026 notice. (Response in Opposition to Motion to Dismiss page 3, ECF No. 12.) Plaintiff admits that she learned of the charges and existence of a disciplinary report on August 24, 2026 (Complaint ¶ 28.) The Defendant Union alleges that it notified Plaintiff that the membership would consider the recommended disciplinary action at its September 20, 2026 meeting, and notified her of her rights with regard to the membership's review of the discipline recommendation. (Email, Complaint, Exhibit 1, ECF No. 1-1, pages 62-66 of 112.)

Plaintiff filed a Complaint in this matter on September 17, 2026 along with a Motion for Temporary Restraining Order and Preliminary Injunction. (Complaint & Motion for Temporary Restraining Order and Preliminary Injunction.) In her request for injunctive relief, Plaintiff sought to prevent the Defendant Union from voting on the Trial Board's decision to remove her

from the position as Secretary-Treasurer during the September 20, 2026 membership meeting. (*Id.*) On September 18, 2026, the Court denied Plaintiff's request for a temporary restraining order and scheduled a status conference for November 3, 2026 to discuss Plaintiff's request for a preliminary injunction. (Order, ECF 6.) The Defendant Union filed a motion to dismiss Plaintiff's Complaint on October 13, 2026. (Motion to Dismiss.)

As previously mentioned, members of the Defendant Union met and voted to approve the Trial Board's decision to remove Plaintiff from the position she holds as Secretary-Treasurer on September 20, 2026. (Joint Status Report.) The Defendant Union is currently scheduled to hold a referendum vote on Plaintiff's removal at its November meeting. (*Id.*) Plaintiff will then have thirty days to file an appeal to the National Executive Board of the American Postal Workers Union. (*Id.*)

## II. LEGAL STANDARD:

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## III. DISCUSSION:

Plaintiff fails to plead a viable cause-of-action under the legal and factual theories asserted in the Complaint. (Complaint.) In this litigation, Plaintiff seeks injunctive relief and monetary damages in relationship to the Defendant Union's decision to initiate internal proceedings to remove her from the position she holds as Secretary-Treasurer for the Defendant Union. (*Id.* ¶ 9.) However, "the LMRDA does not provide relief to a union officer for suspension as an officer, nor for loss of income resulting therefrom. Nor does the Act provide relief from wrongful termination from employment. What is protected is the union-membership relationship." *Morris v. Hoffa*, 361 F.3d 177, 193 (3d Cir. 2004) (citing *Harrison v. Local 54 of the American Federation of State, County and Municipal Employees*, 518 F.2d 1276, 1281 (3d Cir. 1975). The claims Plaintiff asserts under Section 411(a)(5) and Section 412 of the LMRDA are not cognizable since they are based on her removal from the appointed position she holds as Secretary-Treasurer, and the potential loss of financial compensation that would result if Plantiff were removed from the appointed positions she holds as Secretary-Treasurer for Defendant Union.

In *Sheridan v. United Brotherhood of Carpenters & Joiners of America, Local No. 626*, 306 F.2d 152, 156 (3d Cir. 1962), the Third Circuit Court of Appeals held that removal from office did not constitute a form of discipline as defined in 29 U.S.C. § 529 of the LMRDA. Section 529 provides that "it shall be unlawful for any labor organization . . . to fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under the provisions of [the LMRDA]." 29 U.S.C. § 529. In *Sheridan*, the Third Circuit Court reasoned that Section 529's enumeration of fine, suspension, and expulsion "manifest an intention by Congress to protect members qua members." *Sheridan*, 306 F.2d at 156. While

"removal from office, on the other hand, is a sanction that can be directed only against the limited group of members who happen to be officers." *Id.* The Third Circuit further found that plaintiff could not state a violation of LMRDA, 29 U.S.C. § 529, based on his removal from office. *Id.* The Court concluded in *Sheridan*, that Section 411 did not protect the plaintiff's status as an officer since the Bill of Rights contained therein repeatedly refers to the rights of members, not to the rights of officers or employees. *Id.*

In *Finnegan v. Leu*, 456 U.S. 431 (1982), the United States Supreme Court approved the result reached in *Sheridan* by finding that the LMRDA did not protect a union member's status or tenure as a union employee or officer. However, about seven years after *Finnegan*, the Court held in *Sheet Metal Workers' International Association v. Lynn*, 488 U.S. 347 (1989), that the removal of an *elected* business agent did violate the LMRDA protection of free speech as defined by 29 U.S.C. § 101(a)(2) and 29 U.S.C. § 411(a)(5). In *Sheet Metal Worker's International*, the Court distinguished between the removal of an appointed business agent, as occurred in *Finnegan*, and the removal of an elected business agent. *Sheet Metal Worker's International*, 488 U.S. at 355. The Court noted that when an *elected* official is removed from office, the membership is deprived of its representative of choice. *Id.* The Supreme Court wrote, "The potential chilling effect on . . . free speech rights is more pronounced when elected officials are discharged. Not only is the fired official likely to be chilled in the exercise of his own free speech rights, but so are the members who voted for him." *Id.* Accordingly, the Court held that the retaliatory removal of an elected official can be actionable under the LMRDA.

In the case *sub judice*, Plaintiff asserts due process violations by claiming that the Defendant Union failed to provide notice of internal proceedings that were instituted to remove her from the position she holds as Secretary-Treasurer. Plaintiff further claims that this lack of

notice deprived her of an opportunity to defend. Plaintiff also asserts that she might be deprived of various forms of financial compensation depending on the outcome of the internal disciplinary proceedings that were brought against her and/or if she is removed from the position she holds as Secretary-Treasurer. However, Plaintiff does not assert that her rights as a union member were infringed upon. The Complaint is also devoid of any allegation that a member of the Defendant Union's First Amendment right to free speech was violated in connection with Plaintiff's removal from office. Therefore, Plaintiff fails to state a claim under Section 411(a)(5) and Section 412 of the LMRDA.

**A. Plaintiff Will Not Be Granted Leave to File an Amended Complaint:**

When a motion to dismiss is granted, the Court must decide whether to grant leave to amend. The Third Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. See, e.g., *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000); *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486 (3d Cir. 1990). However, a court need not grant leave to amend when it would be an exercise in futility. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 879 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, i.e., if the proposed complaint could not 'withstand a renewed motion to dismiss.'") (quoting *Jablonski v. Pan. Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)); see also *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (recognizing that denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile).

The Court will not permit Plaintiff to file an Amended Complaint because defects in Plaintiff's pleadings cannot be cured with further amendment. See *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.,* 908 F.3d 872, 879, (3d Cir. 2018) ("Leave to amend is properly

denied if amendment would be futile, i.e., if the proposed complaint could not 'withstand a renewed motion to dismiss"'). Based on the factual allegations as pled in the Complaint, Plaintiff simply is not entitled to relief under any of the legal theories asserted in the Complaint. The Court will, however, dismiss the Complaint without prejudice to Plaintiff's ability to pursue legal remedies as established by the Defendant Union's Constitution and Bylaws. Dismissal without prejudice also preserves Plaintiff's ability to seek appropriate legal remedies under state and/or federal law if she suffers an adverse employment action, e.g., she is ultimately removed from the position she holds as Secretary-Treasurer.

**IV. CONCLUSION:**

For these reasons, Defendant's Motion to Dismiss is granted and Plaintiff's Complaint is dismissed without prejudice. An appropriate order shall follow.

BY THE COURT:

/s/ John Milton Younge
Judge John Milton Younge